# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN KERRY O'KEEFE,

    *Petitioner*,

vs.

SHERIFF DOUG GILLESPIE, *et al.,*

    *Respondents*.

2:11-cv-02109-GMN-VCF

ORDER

    This habeas matter under 28 U.S.C. § 2241 comes before the Court on: (a) its *sua sponte* inquiry into whether the petition should be dismissed for lack of exhaustion and further, as to Ground 3, under the absention doctrine in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); and (b) petitioner's motion (#3) for appointment of counsel, motion (#6) for a copy showing receipt and filing of his papers; and motion (#7) to amend the petition.

    In the original petition, petitioner sought to present constitutional claims in three grounds challenging his pending Nevada state prosecution, including a double jeopardy claim in Ground 1. In the proposed amended petition, petitioner has deleted Grounds 2 and 3 and seeks to proceed solely on the double jeopardy claim in Ground 1. This amendment moots the show-cause inquiry as to *Younger* abstention, leaving only the exhaustion issue raised in the show-cause order for decision.

## *Background*

    Petitioner Brian O'Keefe currently is being prosecuted in Nevada state court for the murder of his girlfriend. A third trial on the murder charge currently is scheduled.

In the first trial, the jury found O'Keefe guilty of one count of second-degree murder with the use of a deadly weapon. On direct appeal, the Supreme Court of Nevada reversed and remanded on the following basis:

> Appellant Brian Kerry O'Keefe contends that the district court erred by giving the State's proposed instruction on second-degree murder because it set forth an alternative theory of second-degree murder, the charging instrument did not allege this alternate theory, and no evidence supported this theory. We agree. . . . . Here, the district court abused its discretion when it instructed the jury that second-degree murder includes involuntary killings that occur in the commission of an unlawful act because the State's charging document did not allege that O'Keefe killed the victim while he was committing an unlawful act and the evidence presented at trial did not support this theory of second-degree murder. Cf., Jennings v. State, 116 Nev. 488, 490, 998 P.2d 557, 559 (2000)(adding an additional theory of murder at the close of the case violates the Sixth Amendment and NRS 173.075(1)). The district court's error in giving this instruction was not harmless because it is not clear beyond a reasonable doubt that a rational juror would have found O'Keefe guilty of second-degree murder absent the error. See Neder v. United States, 527 U.S. 1, 18-19 (1999); Wegner v. State, 116 Nev. 1149, 1155-56, 14 P.3d 25, 30 (2000), overruled on other grounds by Rosas v. State, 122 Nev. 1258, 147 P.3d 1101 (2006). . . . .

*April 7, 2010, Order of Reversal and Remand*, at 1-2 (#1, at electronic docketing pages 10-11).

The second trial ended in a mistrial after the jury deadlocked on a verdict.

Petitioner thereafter moved to dismiss on double jeopardy grounds. The state district court denied the motion, and petitioner filed an original writ petition in the Supreme Court of Nevada. The state supreme court denied relief on the following basis:

> . . . . O'Keefe claims that pervasive prosecutorial misconduct in the second trial and the State's efforts to call different witnesses in his upcoming trial operate as an exception to the well-settled proposition that double jeopardy poses no obstacle to a retrial following a hung jury. See Arizona v. Washington, 434 U.S. 497, 509 (1978). We disagree. First, the district court, in resolving O'Keefe's motion to dismiss, concluded that there was no prejudicial misconduct by the State in the last trial. Moreover, the fact that the district court declared a mistrial because the jury was hopelessly deadlocked remains dispositive. See United States v. Perez, 22 U.S. 579, 580 (1824). We therefore conclude that double jeopardy poses no bar to O'Keefe's retrial and decline to intervene in this matter.

*May 10, 2011, Order Denying Petition*, at 1-2 (#1, at electronic docketing pages 12-13) (footnote declining to reach non-double jeopardy claims omitted).

Petitioner mailed the original federal petition for filing on or about December 20, 2011. He seeks federal intervention to bar the third trial, which is currently scheduled according to the petition for on or about June 11, 2012.

### *Discussion*

As the Court noted in the show-cause order, a defendant in a state criminal proceeding may seek federal intervention in pending state proceedings under § 2241 prior to a judgment of conviction to pursue a double jeopardy challenge to further prosecution. *See, e.g., Stow v. Murashige*, 389 F.3d 880, 888 (9th Cir. 2004). However, under established law, while a petitioner may pursue a double jeopardy claim in federal habeas proceedings before the conclusion of the state proceedings, the claim raised in federal court nonetheless must have been exhausted in the state courts. *See, e.g., Mannes v. Gillespie*, 967 F.2d 1310, 1312 & 1316 n.6 (9th Cir. 1992).

Petitioner urges that the exhaustion requirement applies only to habeas petitions under 28 U.S.C. § 2254 challenging a state court judgment of conviction and not to a petition under § 2241 where the petitioner is not in state custody pursuant to a state court judgment of conviction.[1] Petitioner is incorrect. None of the cases upon which he relies reach a conclusion contrary to well-established Ninth Circuit law holding that a petitioner challenging state custody without a judgment of conviction under § 2241 first must exhaust state judicial remedies.

In *Stow*, the petitioner in fact had presented the same double jeopardy claim to the state supreme court, and he therefore had satisfied the exhaustion requirement. *See* 389 F.3d at 882. The *Stow* panel held, *inter alia*, that the district court had erred in applying the deferential standard of review applicable on a § 2254 petition because the petition instead

---

[1] The show-cause order clearly identified petitioner's petition as one arising under § 2241 and cited governing Ninth Circuit law holding that such a petition is subject to the exhaustion requirement. See #4, at 1, line 15, & at 3, lines 7-13.

1 arose under § 2241 and thus was subject instead to a *de novo* standard of review. *Id.*, at 882-83. The *Stow* panel neither held – nor had occasion to hold - that the petitioner was not required to exhaust state judicial remedies before bringing the double jeopardy challenge in federal court under § 2241.

Similarly, in *White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004), the Ninth Circuit expressly noted that the petitioner sought federal habeas relief "[a]fter exhausting his state court remedies." 370 F.3d at 1004. Moreover, the Court of Appeals held that White's petition arose under § 2254 *not* § 2241.[2] Thus, any statements in the *White* panel opinion regarding whether a § 2241 petition by a petitioner in state custody would or would not be subject to an exhaustion requirement, *see* 370 F.3d at 1008 & n. 4, constitute pure *dicta*. Such *dicta* cannot override prior controlling holdings by the Ninth Circuit that a petitioner pursuing a double jeopardy challenge to a state trial or retrial under § 2241 first must exhaust state court remedies.[3]

In *Palmer v. Clarke*, 961 F.2d 771 (8th Cir. 1992), the Court of Appeals in fact required that the petitioner exhaust his state judicial remedies, and the State conceded that the petitioner had done so. The Eighth Circuit noted that such exhaustion did not require that the petitioner first undergo a third trial, but the court nonetheless required that the petitioner fully exhaust the double jeopardy claim in the state courts before seeking federal habeas relief. *See* 961 F.2d at 773-74. *Palmer* thus undercuts, rather than supports, petitioner's position on the only issue presently before this Court, the exhaustion issue.

---

[2] The petitioner in *White* was not raising a double jeopardy challenge to a state trial or retrial. He instead was in custody under a state judgment of conviction, and he was challenging an administrative decision to transfer him to another prison. The Ninth Circuit held that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." 370 F.3d at 1009-10.

[3] This observation applies with even greater force to the Second Circuit decision in *James v. Welsh*, 308 F.3d 162, 167 (2nd Cir. 2002), which is cited in *White* and relied upon by petitioner. Similar to *White*, *James* held that the petition in that case arose under § 2254 rather than § 2241. Any statement by the Second Circuit in *James* as to the applicability of the exhaustion requirement to a § 2241 petition in the circumstances presented in this case thus would be *dicta* that most assuredly may not override a contrary holding by the Ninth Circuit. This Court is bound to follow the holdings of the Ninth Circuit, not *dicta* from other circuits.

      The present case thus is subject to long-established law holding that a petitioner in state custody challenging a state court trial or retrial on double jeopardy grounds first must exhaust state judicial remedies. *E.g., Mannes, supra*; *see also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 302-03, 104 S.Ct. 1805, 1810-11, 80 L.Ed.2d 311 (1984) (applying exhaustion requirement to pre-conviction double jeopardy claim). The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254. *See,e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

      Under well-established law, O'Keefe's § 2241 petition thus is subject to the requirement that he first exhaust state judicial remedies.

      Petitioner contends that he should not be required to exhaust state judicial remedies because the case presents extraordinary circumstances. The Court is not persuaded. The mere fact that petitioner is facing a third trial does not constitute an extraordinary circumstance warranting federal pretrial intervention without exhaustion of state judicial remedies. The state supreme court in fact considered and ruled on a double jeopardy challenge presented in advance of the third trial, but petitioner did not present the double jeopardy claim that he now raises for the first time in federal court to the state supreme court in that challenge. Merely because petitioner wishes to present a double jeopardy challenge *pro se* that his counsel did not pursue in the state courts does not constitute an extraordinary circumstance. Petitioner must fairly present the double jeopardy claim presented here to the state courts in the first instance, via a procedural vehicle in which the claim will be considered on the merits.

      Petitioner otherwise concedes – in the original petition, the amended petition, and the show-cause response – that the claim presented for the first time in federal court has not been exhausted in the state courts. The Court's prior order outlines the substantial difference between the unexhausted claim and the claim presented in state court. See #4, at 4.

1    Accordingly, the petition, as amended, will be dismissed without prejudice for lack of exhaustion.

    IT THEREFORE IS ORDERED that petitioner's motion (#7) to amend the petition is GRANTED and that the petition, as amended, shall be DISMISSED without prejudice for lack of exhaustion.

    IT FURTHER IS ORDERED that petitioner's motion (#3) for appointment of counsel is DENIED.

    IT FURTHER IS ORDERED that petitioner's motion (#6) for a copy showing receipt and filing of his papers is DENIED. Petitioner automatically receives a notice of electronic filing. If he wishes to have a conform copy of his filings, he must supply the Clerk with a second copy of his filings for this purpose along with the original. Petitioner is not proceeding *in forma pauperis*, and he must pay the applicable charges for any copies of filings that he requests.

    IT FURTHER IS ORDERED that, to the extent that a certificate of appealability *arguendo* is required in this procedural context, a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the petition for lack of exhaustion to be debatable or incorrect.

    The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice.

    DATED this 2nd day of February, 2012.

    _____
    Gloria M. Navarro
    United States District Judge