# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN KERRY O'KEEFE,

    *Petitioner*,

vs.

SHERIFF DOUG GILLESPIE, *et al.*,

    *Respondents*.

2:11-cv-02109-JCM-VCF

ORDER

This habeas matter comes before the court on a motion (#31) for withdrawal of appointed counsel filed in proper person by the petitioner.

The court dismissed the action without prejudice because petitioner's *pro se* double-jeopardy challenge to his state court retrial had not been exhausted in the state courts. This matter currently is on appeal. Pursuant to a directive from the court of appeals, this court appointed the federal public defender to represent petitioner on, *inter alia*, the current appeal.

Petitioner now seeks an order vacating the appointment so that he can proceed *pro se*, asserting an alleged sixth amendment right to self-representation. He is not satisfied with the representation provided by the federal public defender.[1]

At the very outset, counsel was appointed pursuant to a directive of the court of appeals, which currently has jurisdiction over the case on the still-pending appeal. Petitioner must pursue his request in that court rather than this court.

---

[1] The online docket record for the court of appeals reflects that petitioner also filed a motion to dismiss appointed counsel on November 15, 2013, in that court, which currently is pending.

The court additionally notes that petitioner has no sixth amendment right to self-representation in collateral review proceedings. *Cf. Martinez v. Court of Appeal of California*, 528 U.S. 152 (2000)(a criminal defendant has no right of self-representation on direct appeal). Moreover, even in an original criminal proceeding, a defendant does not have a constitutional right to counsel who agrees with the defendant on every aspect of case handling, who follows his every directive, and who has provided representation that the defendant subjectively regards to be satisfactory. *See, e.g., Morris v. Slappy*, 461 U.S. 1, 13-14 (1983). Petitioner's dissatisfaction with counsel, in and of itself, therefore does not mandate that an appointment be withdrawn. On the pending appeal, the court of appeals – not petitioner – determines whether petitioner will be represented by appointed counsel and if and when the representation ends.

IT THEREFORE IS ORDERED that petitioner's proper person motion (#31) for withdrawal of appointed counsel is DENIED without prejudice, in deference to the authority of the court of appeals over the matter.

The clerk of court shall SEND a notice of electronic filing of this order to the court of appeals in connection with No. 12-15271 in that court and shall prominently reflect said transmittal in the docket entry for this order.

The clerk further shall reflect petitioner's current institutional address and back number (#90244) from #31 under his name on the left side of the docket sheet only, shall SEND a hard copy of this order to petitioner in proper person at that address, and shall reflect said hard copy mail transmittal to petitioner in proper person at that address in the docket entry for this order.

DATED: December 30, 2013.

_____
JAMES C. MAHAN
United States District Judge